Elizabeth Green et al., Appellees, v. John C. Green, Administrator, Appellant.

EVIDENCE—*when writing competent as admission against interest.* In an action to compel an administrator to account for certain moneys alleged to have been collected for his intestate, a written declaration of such intestate as to his assets is competent as against privies in blood. The fact that the statement in question was made according to the best recollection of the intestate did not affect its competency but only the weight to be given it.

Objections to administrator's report. Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

CHARLES G. ECKHART and JOHN H. CHADWICK, for appellant.

LE FORGEE, VAIL & MILLER and J. M. NEWMAN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

On April 29, 1909, the appellant filed in the county court of Douglas county his final report as administrator of the estate of Isaac Green, deceased, to the approval of which re-

port appellees, being the heirs at law of said deceased, filed their objections, wherein they set forth that on or about March, 1908, one Joseph Snyder borrowed $1000 of the money of the deceased, which amount appellant since the death of his intestate had collected from the said Snyder, and that the said deceased in his lifetime had loaned to one Mrs. W. C. Cole the sum of $375 and taken her notes therefor, which notes previous to his death the deceased delivered to appellant for collection and that appellant had collected the same since the death of his intestate and had failed to include said notes or the proceeds thereof in the inventory filed by him and had failed and refused to account for the same as administrator of his intestate. Upon a hearing had in the county court said objections were overruled and the report was approved as filed. On the appeal by appellees to the circuit court a hearing was had and said objections were there sustained and appellant was ordered to file an additional inventory of said notes in the county court and to account to said court for the proceeds thereof.

The evidence discloses that Isaac Green at the time of his death on August 30, 1907, was about eighty years of age; that he was a bachelor and had always lived with his brother, the appellant, as a member of his family; that the two Cole notes aggregating $286.60 were made in 1901 and 1903, and were endorsed by Isaac Green and delivered by him to appellant in 1906, and paid to appellant in December, 1907; that in 1906 Joseph Snyder applied to appellant for a loan of $1000, which amount appellant was then unable to furnish; that appellant informed Snyder he (appellant) could procure the amount, and he thereafter procured the same from Isaac Green and loaned the same to Snyder taking his note therefor payable to appellant; that said loan to Snyder was subsequently renewed by another or other notes, and was paid to appellant by Snyder in May, 1909; that appellant and his brother Isaac had frequent business transactions relating to the trading and transfer of lands; that on December 7, 1906, Isaac Green gave his written receipt to appellant for $3975, therein stated as "being in full of all debts, notes or accounts

I hold against him up to above date." Upon the trial appellant sought to introduce in evidence the first four pages of a book which was found among the effects of Isaac Green whereon in his own handwriting and bearing his own signature appeared the following:

"This Thursday, the 11th day of July, 1907.

This is to the best of my recollection a true statement of my present holdings of land and notes, or claims and accounts: I have 176 acres of land in Clay county, Illinois. I have leased out 56 acres to parties. I have 80 acres rented out to Berne Abel on the Little Wabash river, and 40 acres where the said Abel now lives. The lease contract is in the office of Harvey McColm. I have a note on Eliza White, calling for $200 at seven per cent interest, with mortgage on 40 acres of land, on record in Louisville, Ill. I also have notes for $200 on James Douty at 7 per cent interest with mortgage on 20 acres I also have three hundred and fifty dollars on Hilliard town property at 7 per cent interest. I have eight hundred dollars on loan on Mrs. Pinkey Brown at 7 per cent interest. I have some claims against the said Jesse Hubbard of in all $100, besides the notes for rent of land, a few other claims; this claim over and above the amounts I have paid for my board, etc. for all claims prior to this present date; so if he pleases to be punctual to pay off the mortgage, I will be lenient on the little other claims. I also have a check and some little money, so I want to save this little that I have for some of my nieces and nephews. I want Billy to have one. I contemplate giving W. L. Green $2,000. I hope that those that are honestly indebted to me will, if they survive me in life, I hope they will report honestly and give no one unnecessary trouble; so let it be distinctly understood that there is nothing of any value among all the unnecessary accumulation of papers and documents in my possession.

Given under my hand this day, July 11, 1907.

Isaac Green."

Upon the objection of appellees the writing was excluded by the court upon the ground that it did not purport to be a full statement, being predicated merely upon the best recollection of the deceased. The relation of privity in blood existed between the deceased as ancestor and the appellees as

heirs, and the written statement by the deceased against his interest was clearly admissible against the appellees. Wigmore on Evidence, Vol. 2, secs. 1080, 1081; Gibblehouse v. Strong, 3 Rawle, 436; Note to Paige v. Cagwin, 42 Am. Dec. 80. The fact that the written statement purports to have been made by the deceased according to his best recollection did not render the statement incompetent to be considered as evidence, but merely affected the question of the weight to be given to it. The statement was written by the deceased about six weeks prior to his death, and appears upon its face to have been made in contemplation of his impending death. It purports to be a complete inventory of his real and personal estate and evidences a clear apprehension and accurate recollection in detail of the various items of property and claims then constituting his assets. In view of the character of the statement it is not appreciably discredited by the fact that it only purports to have been made by the deceased according to his best recollection. If at the time the deceased made said statement he was the owner of the Snyder note for $1000 and of the Cole notes aggregating nearly $300, it is highly improbable that he would have omitted any reference thereto in said statement. Several witnesses called on behalf of appellant testified that shortly prior to his death the deceased had said to them, in substance, that he and the appellant had had a settlement; that appellant did not owe him anything, but he thought he owed appellant a little. John Cox, a son of one of the appellees, was called as a witness on their behalf and testified that appellant stated to him in December, 1908, that there would be about $350 due to the heirs in March following, and that the Cole notes were due or had been collected. Appellees rely upon the testimony of this witness as tending to show an admission by appellant that the Cole notes belonged to the estate, but in view of the fact that the personal estate of the deceased, for distribution, excluding the Cole notes from consideration, then amounted to about $350 the testimony of the witness does not bear the construction placed upon it by appellees. The testimony of Mary Stevens, one of the appellees, as the same appears in

the record, tends to show that appellant claimed to own the Cole notes rather than that appellant admitted that said notes belonged to the estate of Isaac Green.

For the error in excluding the written statement made by Isaac Green, and because the finding of the court is not supported by the eivdence the order and judgment must be reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE PHILBRICK took no part.